**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR TWO E-MAIL ACCOUNTS SERVICED BY 1&1 IONOS, INC.** | ML No. ___20-ML-364_____ |

*Reference:     DOJ Ref. # CRM-182-70575; Subject Accounts: caixa.es@europe.com and b.brown@diplomats.com*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, *opened for signature* Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Portuguese Republic ("Portugal"). The proposed Order would require 1&1 Ionos, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Chesterbrook, Pennsylvania, to disclose certain records and other information pertaining to the PROVIDER accounts associated with caixa.es@europe.com and b.brown@diplomats.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C.

§ 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of

competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the

Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512."

18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or

order for contents of stored wire or electronic communications or for records related thereto, as

provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request

from a foreign authority under this section may be filed . . . in the District of Columbia").

3.      Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the
> Department of Justice, of an attorney for the Government, a Federal
> judge may issue such orders as may be necessary to execute a
> request from a foreign authority for assistance in the investigation
> or prosecution of criminal offenses, or in proceedings related to the
> prosecution of criminal offenses, including proceedings regarding
> forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Portugal's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of

International Affairs,[1] which has authorized execution of the request and has delegated the

undersigned to file this application.  The undersigned has reviewed the request and has

confirmed that it was submitted by authorities in Portugal in connection with a criminal

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

investigation and/or prosecution.

4.        A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.        Authorities in Portugal are investigating an unknown suspect(s) for fraud offenses, which occurred from approximately January 1, 2017 to June 31, 2018, in violation of the criminal law of Portugal, specifically, Articles 221, 217, and 218 of the Portuguese Penal Code.  A copy of the applicable laws is appended to this application.  The United States, through the Office of International Affairs, received a request from Portugal to provide the requested records to assist in the criminal investigation and/or prosecution.  Under the Convention, the United States is obligated to render assistance in response to the request.

6.        According to authorities in Portugal, on or around January 1, 2017, an unknown suspect(s), going by the name David Peterson ("Peterson"), first contacted the victim through Facebook.  Peterson introduced himself as a foreign diplomat and investor.  Peterson and the

victim began an amorous relationship through Facebook that extended to Skype and through e-mail.

7.      During this time, Peterson conveyed to the victim that he wished to bestow a present on her in the form of USD 2,650,000.  The funds derived from Peterson's association with an international humanitarian fund.

8.      The unknown suspect(s), using the name the Hon. Bennett Brown and the e-mail account b.brown@diplomats.com, began corresponding with the victim regarding the disbursement of the USD 2,650,000.  The victim also received e-mail messages from a delivery service using the e-mail account caixa.es@europe.com.  The e-mails from caixa.es@europe.com concerned the delivery of the USD 2,650,000 to the victim.

9.      The unknown suspect(s) convinced the victim to transfer a total of EUR 122,000 (approximately USD 134,205) through thirty-four transfers, to a bank account provided by the unknown suspect(s) as a precondition for the delivery of the USD 2,650,000 to the victim.  The payments by the victim ostensibly went to various costs associated with the international humanitarian fund's disbursement and delivery of the USD 2,650,000.  The victim corresponded with the unknown suspect(s) until on or around June 31, 2018.  Despite the payments, the victim did not receive the delivery.

10.      The victim subsequently filed a criminal complaint on November 9, 2018 and provided Portuguese authorities with copies of the victim's correspondence with the e-mail accounts caixa.es@europe.com and b.brown@diplomats.com.

11.      In order to identify and locate the unknown suspect(s), Portuguese authorities request certain records pertaining to the e-mail accounts caixa.es@europe.com and b.brown@diplomats.com, which are serviced by PROVIDER.

## REQUEST FOR ORDER

12.        The facts set forth above show that there are reasonable grounds to believe that

the records and other information described in Part II of Attachment A are relevant and material

to an ongoing criminal investigation.  Specifically, these items will help authorities in Portugal

identify and locate the individual(s) who are responsible for the criminal activity under

investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _/s/ Jason F. Cunningham_____
Jason F. Cunningham
Trial Attorney
MA Bar Number 673495
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 200
Washington, D.C.  20530
(202) 616-3596 telephone
(202) 514-0080 facsimile
Jason.Cunningham@usdoj.gov

## Relevant Provisions of the Portuguese Penal Code

**Article 221 – Legal Definitions**

    b.  A considerably high value [is defined as] the one exceeding 200 units of [the] account assessed at the moment of the practice of the crime;

**Article 217 - Fraud**

1. Who, with the intention of obtaining for himself or for a third party, illegitimate enrichment, by means of error or deceit about facts that he astutely provoked, to determine another to the practice of acts that cause him, or to cause to another person, property damage is punished with prison sentence up to three years or with a fine.

2. The attempt is punishable.

3. Criminal proceedings depend on a complaint.

**Article 218 - Qualified fraud**

1. Whoever carries out the event provided for in paragraph 1 of the previous article shall be punished if the property damage is of a high value, with a prison sentence of up to five years or with a fine of up to 600 days;

2. The penalty is imprisonment of two to eight years if,
   a. The property damage is considerably high,
   b. The agent makes the fraud a way of life,
   c. The agent takes advantage of a situation of special vulnerability of the victim, due to age, disability or illness, or
   d. The injured person is in a difficult economic situation